**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

SOLANO SALAZAR ANDREI,

Petitioner,

v. Case No. 2:26-cv-03570 KWR-DLM

WARDEN, *Otero County Processing Center,*
MARKWAYNE MULLIN*, Secretary of the Department of Homeland Security, et al.,*
DAVID VENTURELLA, *Acting Director,* Immigration and Customs Enforcement,
MARY DE ANDA-YBARRA, *Field Office Director,*

Respondents.

**ORDER GRANTING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner asserted in part that his due process rights were violated in part because his parole was not revoked or was revoked without process. *See* Doc. 1 at 5. He also asserts that he did not receive a bond hearing under 8 U.S.C. § 1226(a). Respondents do not expressly oppose relief. Doc. 7 at 1 ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief.").

Petitioner is a citizen of Costa Rica and is detained by ICE at the Otero County Processing Center. He asserts he entered the United States in 2023. He asserts that he was released into the United States on conditional parole under 8 U.S.C. § 1226(a). The record before the Court does not suggest that his parole was ever revoked. He asserts he was arrested in Florida by local law

enforcement for possession of 1 gram of marijuana. Respondents do not assert that Petitioner has a criminal history, or that he is a flight risk or danger to the community. Petitioner asserts that his detention is not statutorily authorized. For example, a noncitizen living in the United States and detained under 8 U.S.C. § 1226(a) must be arrested pursuant to a warrant and must receive a bond hearing. The record in this case does not suggest that he was arrested pursuant to a warrant or that he has received a bond hearing. Moreover, Petitioner asserts that his conditional parole under § 1226(a) was not properly revoked and violates his due process rights. *See, e.g.,* Doc. 1 at 4, 5

In response, Respondents do not oppose relief. They assert that "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." Doc. 7 at 1. Respondents do not disagree that his due process rights were violated, do not assert that there is any basis to detain Petitioner, and do not assert that his conditional parole was properly revoked or he was given appropriate process.

For the reasons stated in *Singh,* which the Court adopts and incorporates herein, it appears to be undisputed that Petitioner's parole was not properly revoked under the regulations and therefore his due process rights were violated. *Singh v. Noem*, 824 F. Supp. 3d 1197, 1204 (D.N.M. 2026); *see also Begaliev v. Warden of Otero Cnty. Processing Ctr.*, No. 2:26-CV-00358-KWR-KK, 2026 WL 837109 (D.N.M. Mar. 26, 2026); *Alcide v. de Anda-Ybarra*, No. 1:26-CV-00249-KWR-GBW, 2026 WL 622663 (D.N.M. Mar. 5, 2026). Moreover, in an analogous situation, the Tenth Circuit found that a noncitizen was entitled to release where the government failed to follow regulations in the revocation of a petitioner's release. *See Abedi v. Carter*, No. 25-3179, --F.4th --, 2026 WL 3149141 (10th Cir. Oct. 21, 2026) (where government failed to follow regulations in revocation of order of supervision, release was warranted).

Generally, the Court has authority to order release from unconstitutional detention. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The Court finds release appropriate due to the undisputed due process violation. Therefore, the Court will grant the Petition and order release.

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 1) is hereby **GRANTED** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed under 28 U.S.C § 1915 (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (doc. 3) is **DENIED AS MOOT**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE